UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dustin Jones,

                              Plaintiff,

            -against-

McDonald's Corp., McDonald's USA LLC, EJJ Food Corp. and Petwil VIII Inc.,

                             Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/11/2018
```

1:16-cv-07537 (JPO) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

       Before the Court is a Letter-Motion (ECF No. 85) by Defendants McDonald's Corporation and McDonald's USA, LLC ("McDonald's Defendants"), joined in by co-Defendants Petwil VIII, Inc. ("Petwil") and EJJ Food Corp. ("EJJ") (collectively, the "Defendants"), for a protective order and/or stay of discovery. By their Letter-Motion, Defendants effectively are seeking to avoid responding to the entirety of the First Request for Production of Documents that were served by Plaintiff Dustin Jones ("Plaintiff" or "Jones") on May 30, 2018. For the following reasons, the Court DENIES Defendants' Letter-Motion.

**BACKGROUND**

       This is a disability discrimination action filed by Jones on September 27, 2016. (ECF No. 1.) In his Amended Complaint, Jones alleges that Defendants own, lease, lease to, operate and control a place of public accommodation that violates Title III of the Americans with Disabilities Act ("ADA"), as well as provisions of New York State and New York City law and regulations. (Am. Compl., ECF No. 20, ¶ 1.) The premises in question operates as a McDonald's restaurant that is located at 18 East 42nd Street in New York City (the "Premises"). (*Id.* ¶ 12.) Jones alleges that he

attempted to and desired to access the Premises, but that there are barriers to his access. (*See id*. ¶¶ 20, 23, 25.)

This Court held a conference with the parties on April 17, 2018.[1] (*See* 4/17/18 Tr., ECF No. 86-1.) At the conference, Defendants asserted that, due to remediation efforts already undertaken or to be undertaken, the ADA claims alleged in this case were moot. However, Plaintiff asserted that an issue remained with respect to whether Defendants were required to provide access to the third floor of the restaurant (the "Third Floor Accessibility Issue"), and that the Plaintiff needed to obtain discovery relating to that issue. (*See id*. at 3-5.) In support, Plaintiff referenced a recent decision by District Judge Swain, *Thomas v. Ariel W.*, 242 F. Supp. 3d 293 (S.D.N.Y. 2017), denying, in part, a retail clothing store's motion for summary judgment as to whether the defendants were required to provide vertical access to certain areas of the store.[2]

In an attempt to efficiently resolve this dispute, the Court ordered limited discovery on the Third Floor Accessibility Issue. (*See* 4/19/18 Order, ECF No. 76.) Pursuant to the Court's Order, Plaintiff timely served his First Request for Production of Documents on May 30, 2018. (ECF No. 85-5.) On June 29, 2018, the McDonald's Defendants filed the instant Letter-Motion seeking "a protective order and/or a stay of discovery" on the grounds that Plaintiff's alleged premise for

---

[1] The Court initially had met with the parties for a settlement conference, based upon a settlement referral from District Judge Oetken. (*See* ECF No. 72.) However, after it became clear that, due to open factual issues the case could not be resolved without further litigation, Judge Oetken referred this case to this Court for general pretrial purposes, and the conference proceeded as a pretrial conference. (*See* 4/17/18 Tr. at 2; *see also* Amended Order of Reference, ECF No. 75.)

[2] In *Thomas*, the Court determined that the defendants did not need to install an additional elevator because the store was fewer than three stories and the pre-existing elevator was not altered when the store facility was modified. *Thomas*, 242 F. Supp. 3d at 301 (citing 1991 Standards § 4.1.6(k)(i)). However, the Court denied defendants' motion as to the vertical access issue, finding that defendants were required to provide a means of accessible vertical access based on other provisions of the ADA. *See id.* at 300 (citing 1991 Standards § 4.1.6(1)(f)).

discovery—that McDonald's had removed an elevator from the Premises—was false because the elevator had instead been removed by a prior owner. (6/29/18 Letter-Motion at 1.) The McDonald's Defendants also argue that *Thomas* is distinguishable and "the subject restaurant is exempt from any elevator requirement because the subject restaurant has fewer than 3000 square feet per floor." (*Id*. at 2.)

Plaintiff opposed Defendants' Letter-Motion by letter to the Court, dated July 5, 2018. (ECF No. 86.) Plaintiff asserts that Defendants "fail to make any valid objections to plaintiff's discovery demands" and that Defendants "attack on the legal merits of plaintiff's claims is not a basis for objecting to discovery demands[,]" particularly because Defendants chose to answer the Amended Complaint instead of moving to dismiss. (*Id.* at 3.) Moreover, Plaintiff articulates four reasons why Defendants "are obligated to provide vertical accessibility to the third floor[,]" only one of which involved the removal of the elevator. (*Id*. at 3-4.) Although Defendants were permitted to file a reply under the Court's individual rules, the Defendants did not do so. Oral argument was held by telephone on July 11, 2018.

## DISCUSSION

I. **Legal Standard**

Federal Rule of Civil Procedure 26(c) allows a court, for "good cause" and in favor of "any person from whom discovery is sought," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Rule 26(c). *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation and quotation marks omitted). The burden of showing good cause

for the issuance of a protective order falls on the party seeking the order. *See Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. Appx. 504, 505 (2d Cir. 2011). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006) (citations and quotation marks omitted).

II. **Application**

The Court in its discretion finds that the Defendants have not met their burden to show good cause why a protective order should be granted. The premise of Defendants' motion is that there should be a stay of discovery since, according to Defendants, there is no dispute that the elevator was removed before Defendants took over the Premises. Thus, they seek a stay of discovery in order to file a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. However, in support of such motion Defendants admittedly would have to rely on documents that are outside the pleadings, including public record documents regarding the removal of an elevator from the Premises. (*See, e.g.*, Ex. 2 to 6/29/18 Letter Motion, ECF No. 85-2.)

The Court finds that Defendants cannot refuse to provide discovery and, at the same time, ask the Court to rely on select documents that they believe support their defense. Plaintiff has not been told whether McDonald's has possession, custody or control of any documents regarding the elevator removal or other alterations potentially relevant to the Third Floor Accessibility Issue. Moreover, Plaintiff has asserted various claims regarding alterations to the third floor of the Premises other than the removal of the elevator. (*See* 7/5/18 Letter, ECF No. 86, at 4.) On the record before the Court, it cannot be determined whether or not, as a matter of

law, Defendants are required to provide vertical accessibility to the third floor. Thus, Plaintiff is entitled to discovery on these alterations prior to Defendants anticipated motion for summary judgment. *Accord* Fed. R. Civ. P. 56(d)(2) (Court may allow nonmovant to take discovery regarding "facts essential to justify its opposition" to a Rule 56 motion).

During oral argument, counsel for McDonald's also raised, for the first time, a separate argument that Plaintiff's document demands subject the McDonald's Defendants to undue burden and expense.[3] However, in light of Defendants' Letter-Motion, the parties have not yet met and conferred regarding the scope of Plaintiff's requests. Thus, no dispute regarding the scope of Plaintiff's requests is properly before the Court.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for a protective order and/or stay of discovery. The parties shall meet and confer with respect to McDonald's objections no later than July 27, 2018, and shall, in good faith, seek to resolve any disputes. If the parties are unable to resolve any disputes, they shall raise them with the Court by joint letter submitted no later than August 3, 2018.

The Clerk of Court is directed to terminate the pending Letter-Motion at ECF No. 85.

**SO ORDERED.**

DATED:   New York, New York
         July 11, 2018

_____
STEWART D. AARON
United States Magistrate Judge

---

[3] During oral argument, the Court was advised that each of the Defendants had served, on or about July 2, 2018, responses and objections to Plaintiff's document requests. Further, Petwil and EJJ advised the Court that they had no responsive documents.